IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 05-cr-00280-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. HOMAIDAN AL-TURKI,
2. SARAH KHONAIZAN,

    Defendants.

---

## PROTECTIVE ORDER

---

    This matter comes before the Court upon the Government's Motion for a Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information and sensitive documents which will be reviewed by or made available to, or are otherwise in the possession of, the defense in this case.

    Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. III (1994) ("CIPA"); the Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following Section 9 of the CIPA) ("Security Procedures"); Rules 16(d) and 57 of the Federal Rules of Criminal Procedure; and the general supervisory authority of the Court.

I find that this case may involve classified national security information, the storage, handling and control of which, by law or regulation, requires special security precautions, and access to which requires a security clearance and a "need-to-know."

Accordingly, it is necessary to establish the procedures that must be followed by all defense counsel of record, the defendant, all other counsel involved in this case, persons assisting the defense, any Court personnel, and all other individuals who receive access to classified information or documents in connection with this case. It is therefore ordered:

1. The procedures set forth in this Protective Order and the CIPA will apply to all pretrial, trial, post-trial and appellate matters concerning classified information in this case, and may be modified from time to time by further order of the Court acting under Fed. R. Crim. P. 16(d), the CIPA, and its inherent supervisory authority to ensure a fair and expeditious trial.

2. <u>Definitions:</u> The following definitions shall apply to this Order.

    a. The terms "classified national security information and documents," "classified documents and information," "classified information" and "classified documents" refer to:

        i. Any classified document or information that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order 12,958, as amended, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION," (SCI), or any information contained in such documents;

     ii. Any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from United States government information that was classified, regardless whether such document or information has subsequently been classified by the government, pursuant to Executive Order 12,958, as amended, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION," (SCI);

     iii. Verbal classified information known to the defendants or defense counsel;

     iv. Any document or information, including verbal information, as to which the defendants or defense counsel have been notified orally or in writing that such documents or information contain classified information; or

     v. Any information, regardless of place of origin and including "foreign government information," as that term is defined in Executive Order 12,958, as amended, that could reasonably be believed to contain classified information, or that refers or relates to national security or intelligence matters.

  b. The words "documents" or "information" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

     i. Papers; correspondence; memoranda; notes; letters;

reports, summaries; interoffice and intra-office communications; notations of any sort concerning conversations, meetings or other communications; bulletins; telexes; cables; teletypes; telegrams; facsimiles; invoices; and worksheets; and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

      ii.    Graphic or oral records or representations of any kind, including, but not limited to, photographs, maps, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind and motion pictures;

      iii.    Electronic, mechanical, magnetic, optical or electric records of any kind, including, but not limited to, tapes, cassettes, CD-ROMS, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

      iv.    Information acquired orally.

    c.    "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information.

    d.    "Secure Area" shall mean a physical facility accredited for the storage, handling and control of classified information.

    e.    "The defense" means any person assisting the defendant with the preparation of a defense in this case including, but not limited to, counsel for the defendant, employees of or contractors for defense counsel, and defense witnesses.

    f.    "Attorneys for the government," "government counsel" or "counsel for the government" means the attorneys listed in paragraph 9 herein and their

respective supervisors.

      g.    "Originating agency" means the government agency or department from which the classified document or the information contained therein originated.

3.    Any information including, but not limited to, any subject referring to the Central Intelligence Agency, the National Security Agency, the Defense Intelligence Agency, the Department of State, the National Security Counsel, or similar entity, or information in possession of such agency, shall be presumed to fall within the meaning of classified information unless and until the Court Security Officer or an attorney for the government advises otherwise in writing.

4.    All classified documents and information shall remain classified unless the documents bear a clear indication that they have been declassified by the originating agency.

5.    Information in the public domain is ordinarily not classified.  Such information may be considered as classified, and therefore subject to the provisions of the CIPA, however, if it is confirmed by any person who has, or has had, access to the classified information, and that confirmation corroborated the information in question. Any attempt by the defendant or defense counsel to have such information confirmed or denied at trial, or in connection with any pretrial or other proceeding in this case, shall be governed by the CIPA and all provisions of this Order.

6.    In accordance with the provisions of the CIPA and the Security Procedures, I designate Jennifer H. Campbell as Court Security Officer for this case and Mary M. Cradlin, Christine E. Gunning, Michael P. Macisso, Daniel O. Hartenstine,

Erin E. Hogarty, James P. Londergan, John P. Molinard, Barbara J. Russell, and Joan B. Kendrall as Alternate Court Security Officers (collectively "CSO"), for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified documents or information to be made available in connection with this case. Defense counsel shall seek guidance from the CSO with regard to the appropriate storage, handling, transmittal and use of classified documents or information.

7.  I am advised that the following government attorneys working on this case, Assistant United States Attorney Brenda K. Taylor and U.S. Department of Justice Trial Attorney Alexis L. Collins, and their respective supervisors, have the requisite security clearances to have access to the classified documents or information that relate to this case.

8.  <u>Protection of Classified Documents and Information:</u> In order to protect the classified documents and information involved in this case, no person except the attorneys for the government, appropriately cleared Department of Justice employees, personnel of the originating agency, appropriately cleared judicial personnel, the defendant or the defense shall have access to the classified documents or information in this case.

   a.  Judicial personnel, other than the Court, may obtain access to classified documents or information only after having signed a Memorandum of Understanding, been granted a security clearance by the CSO, and obtained permission of the Court.

   b.  No member of the defense shall have access to any classified

information in this case unless that person shall first have:

   i. Received an approval for access to the particular classified document or information from the Court in a separate order, which shall not occur except upon a showing to the Court's satisfaction of a "need-to-know" the particular classified information;

   ii. Received the necessary security clearance at the appropriate level of classification as determined by the Department of Justice Security Officer working in conjunction with the CSO, or received approval from the Court or the government, for access to the particular classified document or information in question; and

   iii. Signed the Memorandum of Understanding in the form attached hereto as Exhibit A, agreeing to comply with the terms of this Order.

  c. The following attorneys for the defense shall be given access to classified documents and information as required by the government's discovery obligations and otherwise as necessary to prepare for proceedings in this case: John M. Richilano, Marci A. Gilligan, and Daniel Recht. Any additional person whose assistance the defense reasonably requires may have access to classified documents or information in this case only after obtaining from the Court – with prior notice to the Government – an approval for access to the appropriate level of classification on a need-to-know basis, and after satisfying the other requirements described in this Order for access to classified information. The substitution, departure, or removal for any reason from this case of counsel for the defense, or anyone associated with the

defense as an employee or witness or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

9. For the purpose of establishing security clearances necessary for access to classified documents and information that may be involved in this case, the defense counsel, all persons whose assistance the defense reasonably requires and such Court personnel as the Court requires for its assistance shall forthwith complete and submit to the CSO Standard Form 86 ("Security Investigation Data for Sensitive Position"), attached releases and "major case" fingerprints, unless such person already holds an appropriate security clearance and is approved for access to classified documents and information in this case. The CSO shall take all reasonable steps to process all security clearance applications.

10. The CSO shall arrange for an appropriately approved secure area for the use of the defense. The CSO shall establish procedures to ensure that the secure area is accessible to the defense, and the defendant (if such access should be determined by the Court through a separate order to be necessary, subject to paragraph 16(b) herein) and authorized witnesses accompanied by defense counsel during normal business hours, and at other times on reasonable request as approved by the CSO. The secure area shall contain a separate working area for the defense, and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of a defense in this case. The CSO, in consultation with defense counsel, shall establish procedures to assure that the secure area may be

maintained and operated in the most efficient manner consistent with the protection of classified information. No documents containing classified information may be removed from this secure area by any person, including the defense, unless authorized by the CSO. No person, including the defense, shall copy or reproduce any classified information in any form, except with the approval of the CSO or in accordance with the procedures established by the CSO for the operation of the secure area.

      11.    If, upon the entry of a separate order of the Court as provided in paragraph 16(b), it becomes necessary for the defendant to discuss classified matters or review classified documents or information, or otherwise meet with defense counsel, this will only occur in the Secure Area and under appropriate supervision to ensure that the defendant does not remove, copy, alter or destroy classified documents or information or obtain access to classified documents or information that the defendant is not authorized to review, and to ensure that the defendant does not use the opportunity to review the classified materials to circumvent any applicable security restrictions and the other orders of this Court governing discovery in this case.

      12.    <u>Filing of Papers By Defendant:</u> Without further order of this Court, any pleading or other document filed by the defense that may deal in any way, no matter how obliquely, with classified information shall be filed under seal with the Court through the CSO or his or her designee and shall be marked, "Filed In Camera and Under Seal with the Court Security Officer." The time of physical submission to the CSO shall be considered the date and time of filing. The CSO shall promptly examine the pleading or document and, in consultation with representatives of the appropriate

agencies, determine whether the pleading or document contains classified information. If the CSO determines that the pleading or document contains classified information, he or she shall ensure that the portion of the document, and only that portion, is marked with the appropriate classification marking and that the document remains under seal. Any pleading or document filed by the defense that does not contain classified information shall immediately be unsealed by the CSO and placed in the public record. The CSO shall immediately deliver under seal to the Court and attorneys for the government any pleading or document to be filed by the defense that contains classified information. The Court shall then direct the Clerk of Court to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the CSO.

13. <u>Filing of Papers by the Government:</u> Only the portions of pleadings or documents filed by the United States that contain classified information shall be filed under seal with the Court through the CSO or his or her designee. Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Court Security Officer." The date and time of physical submission to the CSO shall be considered the date and time of filing.

14. <u>Sealing of Records:</u> The CSO shall maintain a separate sealed record for those materials which are classified. The CSO shall be responsible for maintaining the secured records for purposes of later proceedings or appeal.

15. <u>Access to Classified Information:</u> The defense, the defendant (if such access should be determined by the Court through a separate order to be necessary,

subject to paragraph 16(b) herein), and authorized witnesses when accompanied by defense counsel shall have access to classified documents or information only as follows:

      a.    All classified documents or information produced by the Government to the defense, in discovery or otherwise, and all classified documents or information possessed, created, or maintained by the defense, shall be stored, maintained, and used only in the secure area established by the CSO.

      b.    The defense shall have free access in the secure area to the classified documents or information made available to them in accordance with this Order, and shall be allowed to take notes and prepare documents with respect to those materials.

      c.    All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain, or deal in any way with, classified information shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to classified information, and in the secure area on approved word processing equipment and in accordance with the procedures approved by the CSO.  All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, or exhibits) containing classified information shall be maintained in the secure area unless and until the CSO determines that those documents or associated materials are unclassified in their entirety.  None of these materials shall be disclosed to counsel for the government.

    d. The defense shall discuss classified documents or information only within the secure area or in another area authorized by the CSO, and shall not discuss or attempt to discuss classified information over any standard commercial telephone instrument or office intercommunication system, including, but not limited to, by facsimile or over the internet.

    e. The CSO shall not reveal to the government the content of any conversation he or she may hear among the defense, reveal the nature of the documents being reviewed by them, or the work generated by them.  In addition, the presence of the CSO shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege.

  16. <u>Disclosure of Classified Information:</u> The defense shall not disclose, without prior approval of the Court, the contents of any classified document or information to any person not authorized pursuant to this Order, <u>except for</u> the Court or those Court personnel, representatives of the originating agency, or attorneys for the government who have been identified by the CSO as having the appropriate clearances and the need-to-know and in accordance with the procedures of the CIPA and the procedures established by the CSO.  Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order.  Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all terms and conditions of this Order.  If preparation of the

defense requires that classified documents or information be disclosed to a person not named in this Order, the CSO shall promptly seek to obtain security clearances for such person at the request of defense counsel.

      a.     The defense shall not discuss classified documents or information in the presence of any person who has not been granted access by the Court to such classified documents or information.

      b.     The defense shall not disclose classified documents or information to the defendant without prior concurrence of counsel for the government or, absent such concurrence, approval of the Court which shall not occur except upon a showing to the Court's satisfaction of a "need-to-know" the particular classified document or information.  Counsel for the government shall be given an opportunity to be heard in response to any defense request for disclosure to the defendant of such classified information.

      c.     Procedures for the use or the public disclosure of classified information shall be those provided in Sections 5 and 6 of the CIPA.  The Court may issue additional Protective Orders as needed.

      i.     Any and all items which are classified that the defense seeks to use or publicly disclose shall be listed in the defendant's Section 5 notice.

      ii.     To facilitate the filing of notices required under Section 5 of the CIPA, the CSO shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information either within the possession of the defense or the defendant or about which the defense or the

defendant have knowledge and which the defense intends to use in any way at any pretrial proceeding, deposition or trial. Nothing submitted by the defense to the CSO pursuant to this paragraph shall be made available to counsel for the government unless so ordered by the Court or so designated by the defense.

17. Any unauthorized use or disclosure of classified information may constitute a violation of United States criminal law. In addition, any violation of the terms of this Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of the Court and possible referral for criminal prosecution. Any breach of this Order will also result in the termination of the person's access to classified documents and information. Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States. This Order is to ensure that those authorized by the Order to receive classified information will never divulge the classified information disclosed to them to anyone who is not now authorized to receive it, or otherwise use the classified information, without prior written authorization from the originating agency and in conformity with this Order.

18. All classified documents and information to which the defense or the defendant have access in this case are now and forever remain the property of the Government. The defendant and the defense who receives classified documents or

information shall return all such documents or information in their possession, or for which they are responsible because of access to classified documents or information, upon demand of the CSO. Any notes, summaries, or other documents prepared by the defense or the defendant that do or may contain classified information shall remain at all times in the custody of the CSO for the duration of this case. At the conclusion of this case, all such notes, summaries and other documents are to be destroyed by the CSO in the presence of defense counsel.

19.    A copy of this Order shall be issued forthwith to the attorneys for the government, the CSO, the defendant and counsel of record for the defendant. Counsel for the defense shall be responsible for advising the defendant and any other member of the defense who needs to know of the contents of this Order. The defendant, counsel for the defendant and any other individuals who will be provided access to classified documents or information pursuant to this Order shall execute the Memorandum of Understanding described in paragraph 8 of this Order. Counsel for the defendant shall file executed originals of such documents with the Court and the CSO, and serve an executed original upon the United States. The execution and filing

of the Memorandum of Understanding is a condition precedent for the defendant or any member of the defense to have access to classified information.

DATED at Denver, Colorado, on May 17, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge